IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEX BYERS<br><br>Plaintiff,<br><br>v.<br><br>SOUTH CONNELLSVILLE BOROUGH, JERRY REAGAN, in his individual capacity, DON RINGER, in his individual capacity, and JIM MANGES, in his individual capacity,<br><br>Defendants. | ) | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED<br><br>Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, ALEX BYERS, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendants for violating Plaintiff's rights under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

4. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

PARTIES

5. Plaintiff, Alex Byers, is an adult individual who resides in Westmoreland County, Pennsylvania.

6. Defendant, South Connellsville Borough ("Borough"), is now, and was at all times relevant to Plaintiff's claims, a local government entity existing by laws of the Commonwealth of Pennsylvania, with administrative offices located at 1503 South Pittsburgh Street, South Connellsville, Pennsylvania, 15425.

7. Defendant, Jerry Reagan ("Regan"), is now, and was at all times relevant to Plaintiff's claims, a duly elected Borough council member, employed by the Defendant Borough, purporting to act within the full scope of his authority and office and under color of state law, and purportedly pursuant to the statutes, ordinances, regulations and customs and usages of Defendant Borough.

8. Defendant, Don Ringer ("Ringer"), is now, and was at all times relevant to Plaintiff's claims, a duly elected Borough council member, employed by the Defendant Borough, purporting to act within the full scope of his authority and office and under color of state law, and purportedly pursuant to the statutes, ordinances, regulations and customs and usages of Defendant Borough.

9. Defendant, Jim Manges ("Manges") is now, and was at all times relevant to Plaintiff's claims, the duly elected mayor, employed by the Defendant Borough, purporting to act within the full scope of his authority and office under color of state law, and purportedly pursuant to the statutes, ordinances, regulations and customs and usages of Defendant Borough.

FACTUAL ALLEGATIONS

10. Plaintiff served as a patrolman in Defendant Borough's police department from in or about March of 2015 until his constructive discharge on or about April 19, 2018.

11. In or about late 2015, Defendant Borough's police department, under Chief Russell Miller's ("Miller") leadership, increased DUI enforcement patrols near the South Connellsville Firemen's Club ("Club").

12. The Club, located at 1529 South Pittsburgh Street, South Connellsville, Pennsylvania 15425, is a local social club/drinking establishment operated by the South Connellsville Volunteer Fire Department. Membership to the Club is required for entry.

13. During this time, Chief Miller increased DUI enforcement near the Club for the express purpose of decreasing various alcohol related violations of the Pennsylvania Crimes Code, including, but not limited to, incidents of public intoxication and driving under the influence.

14. In response to Chief Miller's enforcement of the laws and public opposition to the Club's illegal activities, Defendant Ringer, a private citizen and president of the Club at the time, began a concerted and openly hostile campaign against Defendant Borough's police department and the Plaintiff.

15. On or about February 8, 2016, Defendant Ringer, along with various supporters of the Club, attended Defendant Borough's regularly scheduled council meetings to complain about the police department's enforcement activities.

16. Throughout 2016, Defendant Ringer, as well as other supporters of the Club, continued to flood Defendant Borough's council meetings with complaints against Defendant Borough's police department. Defendant Borough determined that many, if not all, of the complaints were patently false.

17. During this time, Chief Miller uncovered numerous plots devised by Defendant Ringer to discredit and/or harm Defendant Borough's police department and the Plaintiff. These plots included, but were not limited to, soliciting an individual to issue a false complaint about the Plaintiff to Defendant Borough's council and soliciting another individual to assault the Plaintiff while he was on duty as a patrolman.

18. As a result, Defendant Ringer, along with two (2) other individuals, were charged with various criminal offenses.

19. Plaintiff believes, and therefore avers, that the conduct of Defendant Ringer, as described hereinbefore above, was motivated by the Plaintiff's perceived support of Chief Miller and Plaintiff's perceived opposition to the Club, of which Defendant Ringer was a member.

20. In November of 2017, Defendants Ringer and Reagan were elected to Defendant Borough's council. At the same time, Defendant Manges was appointed as the mayor of Defendant Borough.

21. Defendants Ringer, Regan and Manges were all either members or supporters of the Club.

22. In or about January of 2018, Defendants Ringer, Reagan and Manges assumed their positions as members of Defendant Borough's council and mayor of Defendant Borough. Defendant Reagan was appointed president of Defendant Borough's council and Defendant Ringer was appointed vice president of Defendant Borough's council.

23. On or about January 4, 2018, Plaintiff was approached by Defendants Reagan, Ringer, and Manges at the police station. At that time, Defendant Reagan informed the Plaintiff that Defendant Manges was "[Plaintiff's] boss."

24. On or about January 11, 2018, Plaintiff received orders from Chief Miller to practice shooting at the South Connellsville Road and Gun Club. Plaintiff traveled to the gun range in a marked patrol car. This was common practice amongst Defendant Borough's police department.

25. Pursuant to Chief's Miller's orders, Plaintiff stopped at a friend's house to pick up a gun cleaning kit. Upon exiting the residence, Plaintiff noticed Defendants Manges and Reagan taking pictures of his marked patrol car in the driveway.

26. At that time, Defendant Manges informed the Plaintiff that he was not to come into work on or about January 13, 2018, because he was a part-time employee and was not permitted to work forty (40) hours per week.

27. Thereafter, Plaintiff was approached by Defendants Manges and Reagan at the police station. Defendant Manges shouted at Plaintiff and stated that he would be written up "for taking the [police] vehicle while not on duty."

28. At that time, Defendants Manges and Reagan presented the Plaintiff with a memorandum that purportedly contained Defendant Township's standard operating procedures. Plaintiff refused to sign this document, despite the Defendants' insistence that he do so. At the time of this incident, Defendant Borough's police department was operating without any standard procedures.

29. Plaintiff believes, and therefore avers, that the conduct of Defendants Manges and Reagan, as described hereinbefore above, was motivated by the Plaintiff's perceived support of Chief Miller and Plaintiff's perceived opposition to the Club.

30. On or about January 14, 2018, Plaintiff arrived at the station for his scheduled shift. Defendant Manges was already located in the police station and aggressively told Plaintiff that

he was directed to not come into his shift. Defendant Manges further informed the Plaintiff that he would be written up if he did not leave the station immediately.

31. On or about January 17, 2018, Plaintiff was written up by Defendant Manges for "violating company policies and procedures." The infraction description was, "instructed by the Mayor and President of Council not to park on South End of Retirement home's lot especially on the sidewalk." As described hereinbefore above, this claim was, and is, materially false. Plaintiff did not park in the designated area, nor did he violate Defendant Borough's policy. At the time of this incident, Defendant Borough's police department was operating without any standard procedures regarding parking.

32. Furthermore, Plaintiff's write-up was signed and dated prior to the alleged parking violation.

33. On or about February 26, 2018, Defendant Manges falsely accused Plaintiff of visiting a private resident for an hour while on duty. Defendant Manges also made the statement, "it's a small town, everybody watches you, everybody."

34. On or about March 15, 2018, Plaintiff was written up by Defendant Manges. The write-up stated that Plaintiff was parked at a retirement home which was considered private property. This claim was, and is, materially false. Plaintiff did not park on private property.

35. On or about March 23, 2018, Plaintiff was written up by Defendant Manges for hand-writing on his time card. This claim was, and is, materially false. Plaintiff did not violate Defendant Borough's policy related to time cards. At the time of this incident, Defendant Borough's police department was operating without any standard procedures regarding time cards.

36. Further, handwriting time cards was common practice among Defendant Borough employees.

37. Plaintiff believes, and therefore avers, that the conduct of Defendant Manges, as described hereinbefore above, was motivated by the Plaintiff's perceived support of Chief Miller and Plaintiff's perceived opposition to the Club.

38. On or about April 19, 2018, Defendants Manges and Reagan approached the Plaintiff at the start of his scheduled shift. At that time, Defendant Manges falsely accused Plaintiff of being parked at a resident's home for more than two and a half hours. This claim was, and is, materially false.

39. At that time, Defendant Reagan informed Plaintiff that because this was his third violation, he would be suspended for one (1) day.

40. Plaintiff believes, and therefore avers, that the conduct of Defendants Manges and Reagan, as described hereinbefore above, was motivated by the Plaintiff's perceived support of Chief Miller and Plaintiff's perceived opposition to the Club.

41. Plaintiff was never provided with a pre-disciplinary hearing after receiving at least four (4) "employee warning notices" and a subsequent suspension.

42. Plaintiff knows that other patrolmen were not disciplined for similar infractions.

43. Thereafter, Plaintiff was unable to continue his employment with Defendant Borough as a direct and proximate result of the hostile work environment created and perpetuated by Defendants Reagan, Ringer and Manges. Plaintiff was constructively discharged on or about April 19, 2018.

44. On or about May 10, 2018, council member George Jay made the statement that Plaintiff was being targeted by Defendant Borough's council.

45. Plaintiff understood this comment to refer to Defendants Reagan, Ringer and Manges.

46. Plaintiff believes, and therefore avers, that Defendants Reagan, Ringer and Manges acted in conspiracy with each other to maliciously and unjustifiably harm Plaintiff's employment status and deprive the Plaintiff of his constitutional rights.

47. Plaintiff believes, and therefore avers, that Defendants Reagan, Ringer and Manges did unjustifiably harm Plaintiff's employment status and deprive the Plaintiff of his constitutional rights for personal and political reasons.

48. Plaintiff believes, and therefore avers, that the conduct of Defendants Reagan, Ringer and Manges, as described hereinbefore above, was motivated by the Plaintiff's perceived support of Chief Miller and Plaintiff's perceived opposition to the Club, of which Defendants Reagan, Ringer and Manges were either members or supporters.

49. As a direct result of Defendants' unlawful actions, Plaintiff has suffered, and continues to suffer, extreme anxiety, stress, emotional trauma and mental anguish.

COUNT I:

PLAINTIFF v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FIRST AMENDMENT
OF THE UNITED STATES CONSTITUTION

RETALIATION

50. Plaintiff incorporates by reference Paragraphs 1 through 49 as though fully set forth at length herein.

51. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendants for violations of Plaintiff's constitutional rights under color of law.

52. At all times relevant hereto, pursuant to the First Amendment to the United States Constitution, Plaintiff had the right to be free from retaliation based on political affiliation.

53. Plaintiff's right to be free from retaliation based on political affiliation was violated when he was constructively discharged from his position as a patrolman as a direct result of the hostile work environment created and perpetuated by Defendants Reagan, Ringer and Manges. Plaintiff's rights were also violated as a direct result of his perceived support for Chief Miller and Plaintiff's perceived opposition to the Club.

54. The actions of the Defendants, and each of them, deprived Plaintiff of rights guaranteed to him by the First Amendment to the United States Constitution.

55. The actions of Defendants Reagan, Ringer and Manges were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting the individual Defendants to punitive damages.

56. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendants Reagan, Ringer and Manges, Plaintiff suffered the following injuries and damages:

a. Plaintiff's rights under the First Amendment to the United States Constitution to be free from retaliation based on political affiliation was violated;

b. Plaintiff suffered economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, §1983 AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

PROCEDURAL DUE PROCESS

57. Plaintiff incorporates by reference Paragraphs 1 through 56 as though fully set forth at length herein.

58. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendants for violations of Plaintiff's constitutional rights under color of law.

59. As described hereinbefore above, Plaintiff was not afforded a pre-disciplinary hearing, as is required by law, before being suspended for alleged disciplinary infractions.

60. At all times relevant hereto, pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Plaintiff had a constitutionally protected property interest in his position as a patrolman.

61. Defendants deprived Plaintiff of his constitutionally protected property interest in his position as patrolman when they denied Plaintiff his mandated Loudermill hearing.

62. The actions of Defendants Reagan, Ringer and Manges were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting the individual Defendants to punitive damages.

63. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendants Reagan, Ringer and Manges, Plaintiff suffered the following injuries and damages:

a. Plaintiff's right under the Fourteenth Amendment to the United States Constitution to due process of the laws was violated; and

b. Plaintiff suffered economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANTS REAGAN, RINGER AND MANGES

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, §1983 AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

CONSPIRACY

64. Plaintiff incorporates by reference Paragraphs 1 through 63 as though fully set forth at length herein.

65. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against the individual Defendants for violations of Plaintiff's constitutional rights under color of law.

66. The aforementioned actions of Defendants Reagan, Ringer and Manges constituted a conspiracy to deny Plaintiff his constitutional rights as aforementioned, thereby violating 42 U.S.C. §1983.

67. Defendants, individually and in conspiracy with each other, intentionally targeted and unjustifiably injured the Plaintiff through his constructive discharge.

68. Defendants conspired to deny Plaintiff due process of the laws and his right to be free from retaliation based on political affiliation, in violation of Plaintiff's constitutional rights under the First Amendment.

69. The actions of Defendants Reagan, Ringer and Manges violated Plaintiff's right under the Fourteenth Amendment to the United States Constitution to due process of the laws.

70. The actions of Defendants Reagan, Ringer and Manges were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting the individual Defendants to punitive damages.

71. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendants Reagan, Ringer and Manges, Plaintiff suffered the following injuries and damages:

a. Plaintiff's right under the First Amendment to the United States Constitution to be free from retaliation based on political affiliation was violated;

b. Plaintiff's right under the Fourteenth Amendment to the United States Constitution to due process of the laws was violated; and

c. Plaintiff suffered economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF v. DEFENDANT BOROUGH

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

MUNICIPAL LIABILITY

72. Plaintiff incorporates by reference Paragraphs 1 through 71 as though fully set forth at length herein.

73. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendants for violations of Plaintiff's constitutional rights under color of law.

74. As described more fully hereinbefore above, Defendants Reagan, Ringer and Manges, as officials with policy and decision-making authority, directly participated in and ratified the deprivation of Plaintiff's constitutional rights.

75. Defendant Borough, by and through its elected and appointed officials, acted in reckless disregard for Plaintiff's constitutional rights and deprived the Plaintiff of his constitutionally protected property interest in his position and the right to be free from retaliation based on political affiliation.

76. By reason of the aforesaid conduct, the Plaintiff's civil rights as guaranteed by 42 U.S.C. §1983 and under the First and Fourteenth Amendments to the Constitution of the United States were violated by Defendant Borough.

77. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendant County, Plaintiff suffered the following injuries and damages:

a. Plaintiff's right under the First Amendment to the United States Constitution to be free from retaliation based on political affiliation was violated;

b. Plaintiff's right under the Fourteenth Amendment to the United States Constitution to due process of the laws was violated; and

c. Plaintiff suffered economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant Borough in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: March 8, 2019