IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEX BYERS, | ) | |
| | ) | 2:19-CV-254-PLD |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SOUTH CONNELLSVILLE BOROUGH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Plaintiff Alex Byers asserts civil rights claims pursuant to 42 U.S.C § 1983 against Defendants South Connellsville Borough, Borough Council Members Jerry Reagan and Don Ringer, and Borough Mayor Jim Manges. Plaintiff alleges that Defendants retaliated against him in violation of his First Amendment rights, which ultimately resulted in his constructive discharge, and engaged in a conspiracy to violate his civil rights. Further, he claims, the Borough is subject to municipal liability for these actions.

Currently pending before the Court is Defendants' Motion to Dismiss the Amended Complaint. For the reasons that follow, the motion to dismiss will be granted.

**I. Procedural History**

Plaintiff commenced this action in March 2019. After Defendants moved to dismiss the original Complaint (ECF No. 8), Plaintiff filed an Amended Complaint on July 30, 2019 (ECF No. 18).

Count I of the Amended Complaint alleges that Plaintiff was subjected to retaliation based on political affiliation in violation of the First Amendment. In Count II, he claims that Defendants Reagan, Ringer and Manges engaged in a conspiracy to violate his First Amendment right to be

free from retaliation based on political affiliation and his Fourteenth Amendment right to due process. Finally, in Count III, Plaintiff asserts that the Borough is liable under a theory of municipal liability. Jurisdiction is based on the federal questions raised by the civil rights claims.

After the Amended Complaint was filed, Defendants renewed their motion to dismiss, which has been fully briefed.

## II. Factual Allegations

According to the Amended Complaint, Plaintiff served as a patrolman in the South Connellsville Borough ("Borough") Police Department from March 2015 until his constructive discharge on April 19, 2018. (Am. Compl. ¶ 10.) In late 2015, the Borough police department, under the leadership of Chief Russell Miller, increased DUI enforcement patrols near the South Connellsville Firemen's Club ("Club"). (*Id.* ¶ 11.) The Club is a local social club/drinking establishment operated by the South Connellsville Volunteer Fire Department. Membership to the Club is required for entry. (*Id.* ¶ 12.) Chief Miller increased DUI enforcement near the Club for the express purpose of decreasing various alcohol-related violations of the Pennsylvania Crimes Code, including incidents of public intoxication and driving under the influence. (*Id.* ¶ 13.)

Plaintiff asserts that in response to Chief Miller's enforcement of the laws and public opposition to the Club's illegal activities, Defendant Ringer, a private citizen and president of the Club at that time, began a concerted and openly hostile campaign against the police department and Plaintiff. (Am. Compl. ¶ 14.) On or about February 8, 2016, Ringer, along with various supporters of the Club, attended a council meeting to complain about the police department's enforcement activities. Throughout 2016, Ringer and others continued to flood the council meetings with complaints about the police department. The Borough found that many, if not all, of these complaints were false. (*Id.* ¶¶ 15-16.)

Plaintiff alleges that during this time, Chief Miller uncovered numerous plots devised by Ringer to discredit him and/or harm the police department, including Plaintiff. These plots included soliciting an individual to issue a false complaint about Plaintiff to Borough council and soliciting another individual to assault Plaintiff while he was on duty. (Am. Compl. ¶ 17.) As a result, Ringer, along with two other individuals, were charged with various criminal offenses. (*Id.* ¶ 18.)

In November 2017, Ringer and Reagan were elected to Borough council and Manges was appointed Mayor of the Borough. (Am. Compl. ¶ 20.) All three were either members or supporters of the Club. (*Id.* ¶ 21.) In January 2018, Reagan was appointed president of the Borough council and Ringer was appointed vice president. (*Id.* ¶ 22.)

Plaintiff alleges that Ringer, Reagan and Manges then conspired to create an intolerable working environment for him, motivated by Plaintiff's perceived support of Chief Miller and perceived opposition to the Club. (Am. Compl. ¶ 23.) The Complaint alleges that this conspiracy included various actions, including:

- telling him not to work on January 13, 2018 because he was not permitted to work forty hours per week due to his part-time status;

- falsely accusing him of taking a police vehicle while not on duty;

- falsely accusing him parking "on South End of Retirement home's lot especially on the sidewalk" with a write-up that was signed and dated prior to the alleged violation;

- falsely accusing him of visiting a private residence for an hour while on duty;

- falsely writing him up a second time for parking at the retirement home;

- falsely accusing him of handwriting on his time card; and

- falsely accusing him of parking at a resident's home for more than two and a half hours and suspending him for one day without the required pre-disciplinary hearing.

(*Id.* ¶¶ 24-43.)[1] Plaintiff alleges that as a direct and proximate result of an intolerable working environment, he was unable to continue his employment and thus was constructively discharged on or about April 19, 2018. (*Id.* ¶ 46.)

## III. Standard of Review

The Supreme Court has held that a complaint must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).

In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted). Mere "possibilities" of misconduct are insufficient. *Id.* at 679.

The Third Circuit Court of Appeals has summarized this inquiry as follows:

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1947, 173 L.Ed.2d 868 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and

---

[1] As Defendants note, most of these incidents appear to involve only Reagan and Manges. Plaintiff alleges that he "also believes, and therefore avers, that Defendant Ringer directly participated in, ratified and/or encouraged the conduct of Defendants Manges and Reagan, as described hereinbefore above [sic]." (Am. Compl. ¶ 42.)

4

evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**IV. Analysis**

The operative statute with respect to Plaintiff's civil rights claims is 42 U.S.C. § 1983, which provides in relevant part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

The Supreme Court has held that § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). *See also Baker*, 443 U.S. at 140; *Graham v. Connor*, 490 U.S. 386, 394 (1989).

Plaintiff's civil rights claim are based upon the First Amendment. The First Amendment provides that "Congress shall make no law ... abridging the freedom of speech." U.S. Const. Amend. 1. "First Amendment freedoms are protected by the Fourteenth Amendment from invasion by the States." *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 907 n.43 (1982).

In their Motion to Dismiss, Defendants contend that all of Plaintiff's claims rely upon a theory that he was subjected to retaliation for exercising his First Amendment right to political affiliation but that the facts set forth in Amended Complaint fail to support this theory.

Plaintiff agrees that his claim of retaliation is based upon political affiliation. He asserts that his First Amendment right of freedom of affiliation was violated by Defendants when they

retaliated against him based on his perceived support for Chief Miller and his enforcement of Chief Miller's decision to employ increased DUI enforcement near the Club. The Supreme Court has held that it is unconstitutional under the Free Speech Clause of the First Amendment for a public employer to dismiss or otherwise discriminate against an employee on the basis of his or her political affiliation (unless the position requires a political affiliation). *See Elrod v. Burns*, 427 U.S. 347, 372-73 (1976); *Branti v. Finkel*, 445 U.S. 507, 518 (1980); *Rutan v. Republican Party of Ill.*, 497 U.S. 62, 65 (1990). The Court of Appeals for the Third Circuit has concluded that this protection extends to employees who actively supported a losing candidate of the same party and to politically neutral or apolitical government employees. *Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 272 (3d Cir. 2007). Thus, claims based upon freedom of association are not limited to affiliation with a political party but extend to similar affiliations reflecting common political purpose and support. *Schlarp v. Dern,* 610 F. Supp. 2d 450, 463 (W.D. Pa. 2009). *See also Aiellos v. Zisa,* No. 09-3076, 2009 WL 3424190, at *7 (D.N.J. Oct. 20, 2009) (right is more broadly applied to furtherance of political beliefs or ideas rather than mere party affiliation.); *Ferraioli v. City of Hackensack Police Dep't*, 2010 WL 421098, at *7 (D.N.J. Feb. 2, 2010)

As set forth in *Galli v. New Jersey Meadowlands Comm'n,* 490 F.3d 265, 270 (3d Cir. 2007, the Third Circuit Court of Appeals has derived a three-part test to establish a claim based upon political affiliation or belief. A plaintiff must allege that he (1) was employed at a public agency in a position that does not require political affiliation; (2) he was engaged in constitutionally protected conduct, and (3) that this conduct was a substantial factor in the government's employment decision.

Here, it is not disputed that the first part of this test is satisfied. As a police officer, Plaintiff was employed at a public agency in a position that does not require political activity. With respect to the second prong of the test, however, Defendants contend that he was not engaged in constitutionally protected activity. They note that while Plaintiff claims that the improper discipline to which he was subjected, culminating in his constructive discharge, was politically motivated, the underlying facts alleged in the Amended Complaint fail to support a First Amendment claim. Defendants assert that neither his affiliation with Chief Miller or his enforcement of DUI offenses near the Club are political in nature, and thus, are not constitutionally protected activities. Rather, they contend, Plaintiff was performing his duties as a police officer by following the instructions of the police chief and therefore, this is neither political affiliation nor activity.

Plaintiff cites *Schlarp v. Dern*, 610 F. Supp. 2d 450, 463 (W.D. Pa. 2009), to support his position that freedom of association claims are not limited to strictly partisan affiliations, but extend to similar affiliations reflecting a commonality of political purpose and support. As discussed above, the Court agrees that freedom of association claims go beyond mere partisan or party affiliations. However, the analysis in *Schlarp* otherwise undermines Plaintiff's position.

In *Schlarp*, the plaintiff, a police officer, alleged that he was denied a promotion for several improper reasons, including his association with the faction of the police department loyal to the chief of police and opposed by the mayor. Among other things, Schlarp participated in the chief's DUI enforcement operations which were opposed by the opposing faction.

In that case, District Judge Conti found that Schlarp's allegations were sufficient to invoke the Free Speech Clause under a rationale similar to that adopted in *Rutan v. Republican Party of Ill.*, 497 U.S. 62, 65 (1990). As Defendants note, however, Judge Conti further concluded that

7

Schlarp's claims relating to his association with the police chief were properly classified as "expressive association" claims, adding that:

> "The First Amendment's protection of expressive association is not reserved for advocacy groups. But to come within its ambit, a group must engage in some form of expression, whether it be public or private." *Boy Scouts of America v. Dale*, 530 U.S. 640, 648, 120 S.Ct. 2446, 147 L.Ed.2d 554 (2000). Where the "association" at issue is with a political party or with supporters of a particular political candidate, this requirement is easily satisfied. In contrast, where the relevant "association" is with a faction of public employees, the presence or absence of an expressive element may prove to be dispositive. Where, as here, a First Amendment claim is based upon both expressive conduct and on one's association with a particular political faction, "[t]he government's interest in appointing politically loyal employees to policymaking positions converges with its interest in running an efficient workplace." *Curinga*, 357 F.3d at 312. Consequently, the *Pickering* balancing test serves as the appropriate framework for decision making. *Id.* at 310-14.

*Id.* at 469.[2]

Schlarp argued that he and others were subjected to retaliatory harassment because of their association with the chief and his DUI enforcement efforts, which were opposed by the mayor. As Judge Conti noted:

> The problem with Schlarp's line of reasoning is that his "association" with the faction of officers loyal to Chief Focareta stemmed entirely from disputes about how his official duties should be carried out . . . Schlarp did not demonstrate his involvement in expressive conduct in support of Chief Focareta outside of his official duties. His participation in the [Chief's] DUI enforcement program cannot be fairly characterized as "expressive conduct." Even if it were expressive conduct, it would constitute speech pursuant to his official duties, which is not entitled to protection under *Pickering*. *Mills v. City of Evansville*, 452 F.3d 646 (7th Cir. 2006) (holding that a police officer's dissenting comments concerning a departmental policy constituted speech pursuant to her official duties). Schlarp's association with those loyal to Chief Focareta is not analogous to expressive conduct typically engaged in by members of the general public.

---

[2] In *Pickering v. Board of Education*, 391 U.S. 563 (1968), the Supreme Court held that a public employee's right to freedom from discipline in retaliation for speaking as a citizen about matters of public concern must be weighed against the employer's interest in promoting the efficiency of the public services it performs through its employees. *Id.* at 588. Plaintiff does not allege that his right to freedom of speech is implicated here. At any rate, his allegations make it clear that his conduct was as a police officer, not as a private citizen.

8

*Id.* at 470 (footnote omitted). See also *id.* at 468 (when Schlarp stopped council president's husband for speeding and reported her plea for leniency to the chief, this was not "speech as a citizen," but was simply doing his job).

Plaintiff's First Amendment claims are based on his perceived support of Chief Miller and his acts as a police officer in performing increased DUI enforcement near the Club. These are the very claims that Judge Conti found could not be fairly characterized as "expressive conduct." Plaintiff's affiliation with Chief Miller is not analogous to expressive conduct typically engaged in by members of the public. There is no allegation that this affiliation, or his enforcement of the Chief's DUI policies, were outside of his official duties. Rather, they were part of his job.[3] Thus, he was not engaged in constitutionally protected conduct. This is fatal to his First Amendment claims.

In short, the Amended Complaint fails to state any claim upon which relief may be granted. Because all of his claims are based on a violation of his First Amendment rights, all of them fail as a matter of law.[4]

The Court of Appeals has held that "district courts must offer amendment—irrespective of whether it is requested—when dismissing a [pro se civil rights] case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete*

---

[3] Even if Plaintiff had asserted a claim that his free speech rights were violated, this claim would fail as well. If his activities were construed as "expressive conduct," they were associated with his official duties, not conduct as a member of the general public. *See Pickering, supra.*

[4] Defendants also raise other deficiencies with the Complaint, including their contention that the conditions to which Plaintiff alleges he was subjected do not rise to the level of a constructive discharge; he has failed to allege facts that state a claim for conspiracy; he has failed to allege a basis for municipal liability; the individual defendants are entitled to qualified immunity; and the Amended Complaint fails to allege any personal involvement by Ringer. Based upon the Court's analysis of the First Amendment issue, it is not necessary to reach these arguments.

*Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). *See also Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).  In this case, Plaintiff is represented by counsel, has already amended his complaint once and, given the conclusions outlined herein, it would be futile to allow further amendment.

## V.     Conclusion

For the reasons set forth herein, Defendants' motion to dismiss the Amended Complaint will be granted.  An appropriate order will follow.


Dated: April 3, 2020                                    BY THE COURT:


                                            /s/Patricia L. Dodge_____
                                            PATRICIA L. DODGE
                                            United States Magistrate Judge